SEPEHR DAGHIGHIAN, State Bar No. 239349
NATHAN TALEI, State Bar No. 281498
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone:   (310) 887-1333
Facsimile:   (310) 887-1334
E-mail:   sepehr@daghighian.com
          nathan@daghighian.com

Attorney for Plaintiff:
**CHEMO BEANIES, LLC**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEMO BEANIES, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>TURBANS PLUS, a business entity, form unknown; HEADCOVERS UNLIMITED, INC., a Texas Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 8:15-cv-00194<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, CHEMO BEANIES, LLC A California Limited Liability Company ("CHEMO BEANIES" or "Plaintiff"), files this Complaint against TURBANS PLUS, a business entity, form unknown; HEADCOVERS UNLIMITED, INC., a Texas Corporation; and DOES 1 through 50, inclusive (collectively "Defendants"), and demanding a trial by jury, avers as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement, under the United States Patent Act, 35 U.S.C. § 101 *et seq.* The Court therefore has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the named defendants conduct business activities within this District and the acts of infringement have taken place in this district.

## THE PARTIES

3. Plaintiff, CHEMO BEANIES, LLC, is a Limited Liability Company organized and existing under the laws of the State of California.

4. Defendant TURBANS PLUS is a business entity, whose form is unknown and operates its business under the website address: www.turbanpluswholesale.com/ ("TURBANS PLUS").

5. Upon information and belief, Defendant HEADCOVERS UNLIMITED, INC., is a corporation formed and operating under the laws of the state of Texas, that runs its business through the website www.headcovers.com (hereinafter "HEADCOVERS UNLIMITED").

6. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 50 inclusive (hereinafter, the "Doe Defendants"), and therefore has sued them by the foregoing names which are fictitious.

7. Plaintiff is informed, believes and thereupon alleges that each of the Doe Defendants is in some manner responsible for the events and happenings

1  herein referred to, and caused injury and damages proximately thereby to Plaintiff
2  as herein alleged.
3      8.    Plaintiff asks that when their true names and capacities are discovered
4  that this Complaint may be amended by inserting their true names and capacities in
5  lieu of said fictitious names, together with proper words to charge them.
6      9.    All references to any named Defendants shall also refer to said Doe
7  Defendants.
8      10.    When the true names and capacities are ascertained, Plaintiff will
9  amend this Complaint accordingly.

## FACTS COMMON TO ALL COUNTS

11.    This action is brought to obtain equitable and legal relief for the Defendant's infringement of Plaintiff's United States Patent.

12.    Plaintiff is an innovator in its field and the owner of United States Patent No. 8,910,316 entitled HEAD COVER and awarded to Angelle Albright (the "'316 Patent"). **(Exhibit "A")**.

13.    Plaintiff invests heavily in the design, development, and protection of its innovative head cover technologies.

14.    On information and belief, Defendants have been and are knowingly and intentionally infringing, contributing to infringement, and/or inducing others to infringe the '316 Patent by making, using, offering for sale, selling, or importing head covers that infringe upon the '316 Patent.

15.    Upon information and belief, Defendants have made substantial sales and substantial profits by selling infringing head covers.

16.    Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

17.    Plaintiff has complied with the provisions of the United States patent laws as 35 U.S.C. § 1 *et seq.* with respect to the '316 Patent.

18.    Plaintiff has retained the undersigned counsel to represent it in this

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

matter and is obligated to pay a reasonable fee for such representation.

## COUNT I

## PATENT INFRINGEMENT

19. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import products infringing the '316 Patent.

21. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed the '316 Patent by, among other things, making, using, importing, advertising, offering for sale, and selling products infringing the '316 Patent.

22. Upon information and belief, Defendant TURBANS PLUS sells a product under the name, "The Abbey Cap," which infringes upon the '316 Patent.

23. Upon information and belief, Defendant HEADCOVERS UNLIMITED sells a product under the name, "The Krissie Cap," which infringes upon the '316 Patent.

24. Defendants are thereby directly infringing said patents, pursuant to 35 U.S.C. § 284.

25. Unless enjoined, Defendants will continue to infringe the '316 Patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

26. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

27. On information and belief, Defendants knew or should have known of the '316 Patent and the Plaintiff's rights to the patented structures.

28. Defendants proceeded to knowingly and willfully disregard Plaintiff's rights and to infringe the '316 Patent.

29. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

30. Based on Defendants' willful infringement, Plaintiff believes this to be an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

31. Defendants have caused and continue to cause irreparable injury to Plaintiff by infringement of the '316 Patent.

## COUNT II

## INDUCEMENT OF PATENT INFRINGEMENT

32. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import products infringing the '316 Patent.

34. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed the '316 Patent by actively inducing its agents and others to, among other things, make, use, import, advertise, offer for sale, and sell products infringing the '316 Patent.

35. Defendants are thereby inducing others including, without limitation, Defendants' distributors, retailers, and end users to infringe said patents, pursuant to 35 U.S.C. § 271(b).

36. Unless enjoined, Defendants will continue to induce infringement of the '316 Patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

37. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

38. On information and belief, Defendants knew or should have known of the '316 Patent and the Plaintiff's rights to the patented structures.

39. Defendants proceeded to knowingly and willfully disregard Plaintiff's right and to infringement the '316 Patent.

40. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

41. Based on Defendants' willful infringement, Plaintiff believes this to be an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT III

## CONTRIBUTORY PATENT INFRINGEMENT

42. Plaintiff realleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

43. Plaintiff has not authorized Defendants to make, use, offer for sale, sell or import components of products that when combined with other components result in products that infringe the '316 Patent.

44. Plaintiff is informed and believes, and based thereon alleges that Defendants have infringed the '316 Patent by, among other things, selling one or more devices which comprise a material part of the patented invention especially adapted for use in an infringement of the '316 Patent, without Plaintiff's permission or authority.

45. Defendants are thereby contributorily infringing said patent, pursuant to 35 U.S.C. § 271(c).

46. Unless enjoined, Defendants will continue to contributorily infringe the '316 Patent, and Plaintiff will suffer irreparable injury as a direct and proximate result of Defendants' conduct.

47. Plaintiff has been damaged and injured by Defendants' conduct, and until an injunction issues will continue to be damaged and injured in an amount yet to be determined.

48. On information and belief, Defendants knew or should have known of

the '316 Patent and the Plaintiff's rights to the patented structure.

49. Defendants proceeded to knowingly and willfully disregard Plaintiff's right and to infringement the '316 Patent.

50. Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed.

51. Based on Defendant's willful infringement, Plaintiff believes this to be an "exceptional" case, which entitles Plaintiff to attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHEMO BEANIES, LLC, prays that the Court enter a judgment in favor of Plaintiff as follows:

(1) That the '316 Patent is valid and enforceable;

(2) That the '316 Patent is infringed by the Defendants;

(3) That Defendants' infringement was willful;

(4) That Defendants and their directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing be preliminarily and permanently enjoined from further acts of infringement of the '316 Patent;

(5) That Defendants be required to pay Plaintiff damages according to the following:

    a) In accordance with 35 U.S.C. § 284, the greater of $250,000 or, actual damages, and in no event less than a reasonable royalty regarding Defendants' revenues and those of its agents from infringing sales revenues and of revenue convoyed thereby, consequential of Defendant's infringements, pursuant to 35 U.S.C. § 271(a), (b), and (c);

    b) The greater of $250,000 or actual damages resulting from lost revenue suffered by the Plaintiff as a result of Defendants' sales of infringing items;

(6) That the foregoing damages awards be trebled, pursuant to 35 U.S.C. §

284;

(7) That this is an exceptional case and that Plaintiff be awarded its reasonable costs and attorney's fees, pursuant to 35 U.S.C. § 285;

(8) That Plaintiff be awarded interest from the date of the commencement of infringement; and

(9) That Plaintiff has such other and further relief as the Court may deem equitable.

Dated: February 5, 2015

        Respectfully submitted,
        **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

        _____
        SEPEHR DAGHIGHIAN, ESQ.
        Attorney for Plaintiff: Chemo Beanies, LLC

# **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: February 5, 2015

        Respectfully submitted,
        **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

        _____
        SEPEHR DAGHIGHIAN, ESQ.
        Attorney for Plaintiff: Chemo Beanies, LLC